IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AT&T ADVERTISING, L.P, AMERITECH PUBLISHING, INC., NEVADA BELL TELEPHONE COMPANY, BELLSOUTH ADVERTISING & PUBLISHING CORPORATION, SOUTHWESTERN BELL ADVERTISING GROUP, INC., and YELLOWPAGES.COM, LLC | ) ) ) ) ) ) ) ) ) | Civil Action No. _____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| AD NATIONAL YELLOW PAGES PLACEMENT SERVICE, INC. and AD NATIONAL CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

## <u>VERIFIED COMPLAINT</u>

Plaintiffs AT&T Advertising, L.P., Ameritech Publishing, Inc., Nevada Bell Telephone Company, BellSouth Advertising & Publishing Corp., Southwestern Bell Advertising Group, Inc., and YellowPages.com, LLC (collectively, "AT&T"), for their Verified Complaint against Defendants Ad National Yellow Pages Placement Service, Inc. and Ad National Corporation ("Ad National"), respectfully show the Court as follows:

## I.    PARTIES, JURISDICTION AND VENUE

1.      Plaintiff AT&T Advertising, L.P. is a Delaware limited partnership having its principal place of business at One AT&T Center, St. Louis, Missouri 63101.  Its partners are Southwestern Bell Yellow Pages Resources, Inc., a Delaware corporation with its principal place of business at One AT&T Center, St. Louis, Missouri 63101; Pacific Bell Directory, a California corporation with its principal place of business at 101 Spear Street, San Francisco, California 94105; and Southwestern Bell Yellow Pages Services, Inc., a Delaware corporation with its principal place of business at 2000 West AT&T Center Drive, Location 4C23F, Hoffman Estates, Illinois 60196.

2.      Plaintiff Ameritech Publishing, Inc. is a Delaware corporation having its principal place of business at One AT&T Center, St. Louis, Missouri 63101.

3.      Plaintiff Nevada Bell Telephone Company is a Nevada corporation having its principal place of business at 645 East Plumb Lane, Reno, Nevada 89502.

4.      Plaintiff BellSouth Advertising & Publishing Corporation is a Georgia corporation having its principal place of business at 2247 Northlake Parkway, Tucker, DeKalb County, Georgia, which is located in the Northern District of Georgia.

US2008 1617702.6

5.      Plaintiff Southwestern Bell Advertising Group, Inc. is a Delaware corporation having its principal place of business at 11225 North 28th Drive, Suite B206, Phoenix, Arizona 85029.

6.      Plaintiff YellowPages.com, LLC is a Delaware limited liability company having its principal place of business in Glendale, California.  The members of YellowPages.com, LLC are Southwestern Bell Yellow Pages, Inc., a Missouri corporation with its principal place of business in the State of Missouri, and IYP Holding Corp., a Delaware corporation with its principal place of business in the State of Georgia.

7.      Defendant Ad National Yellow Pages Placement Service, Inc. is a Maryland corporation having its principal place of business at 9861 Broken Land Parkway, Suite 250, Columbia, Maryland.  Defendant Ad National Yellow Pages Placement Service, Inc. may be served with process by serving its registered agent, Alan D. Eisler, at 11140 Rockville Pike, Suite 570, Rockville, Maryland 20852.

8.      Defendant Ad National Corporation is a Maryland corporation having its principal place of business at 9861 Broken Land Parkway, Suite 250, Columbia, Maryland.  Defendant Ad National Corporation may be served with process by serving its registered agent, Alan D. Eisler, at 11140 Rockville Pike, Suite 570, Rockville, Maryland 20852.

US2008 1617702.6

9.     This Court has personal jurisdiction over Ad National, and venue is proper in this Court.  Specifically, in the Promissory Note at issue, as described below, Ad National agreed that jurisdiction and venue for the breach of said Promissory Note shall be in this Court.

10.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## II.     STATEMENT OF FACTS

11.     On or about May 26, 2010, AT&T and Ad National entered into a Promissory Note.

12.     A true and correct copy of the Promissory Note, including Exhibit A1-A3 and the "Addendum to the May 26, 2010 Promissory Note," is attached hereto as Exhibit A.

13.      In the Promissory Note, which is incorporated herein by reference, Ad National agreed to pay AT&T the total principal sum of $1,506,607.03, *plus* any amounts owed for "future advertising with [AT&T] to which the parties may later agree."  Promissory Note (Exhibit A hereto), pp. 1-2, ¶ 4.

US2008 1617702.6

14.     As of the date of this Verified Complaint, the total amount owed by Ad National to AT&T under the Promissory Note for "future advertising" is $202,828.24, inclusive of late fees.

15.     The Promissory Note requires Ad National to make weekly payments to AT&T for a period of approximately two years, from May 26, 2010 to May 30, 2012, in accordance with a detailed payment plan set forth in Exhibit A1-A3 to the Promissory Note.  *Id*. ¶ 2 & Ex. A1-A3.

16.     Paragraph 4 of the Promissory Note provides that Ad National will be in default if Ad National "fails to pay when due any amount payable under this Note" or "fails to timely make payment on any bill/invoice/demand from [AT&T] or any of [AT&T's] parent or subsidiary entities, existing as of the date of execution of this Note, or future advertising with [AT&T] to which the parties may later agree."  *Id.* ¶ 4.

17.     Paragraph 4 of the Promissory Note also provides that:

> [U]pon the occurrence of an event of default, [AT&T] may in its sole discretion:  (i) require [Ad National] to make 100% advance payment of all Orders placed or to be placed; (ii) cancel Orders submitted by [Ad National]; (iii) cease accepting new Orders submitted by [Ad National]; (iv) continue to process Advertising previously ordered by [Ad National] and bill the Advertiser directly and/or contact Advertiser directly to arrange for the placement of future advertising, either through another CMR [Certified Marketing Representative] or directly

- 5 -

by [AT&T]; (v) accelerate and require immediate payment on all published and/or unpublished Orders whether or not due; (vi) refuse to acknowledge and/or accept client transfer requests from [Ad National]; and (viii) avail itself of all remedies available to it under law, in equity and as provided for in this Agreement.

*Id.*

18.     Paragraph 11 of the Promissory Note provides that "[Ad National] agrees to pay all costs of collection, including a reasonable attorney's fees of fifteen percent (15%) in case the principal of this Note or any payment on the principal or any interest thereon is not paid at the respective maturity thereof whether suit be brought or not."  *Id.* ¶ 11.

19.     Ad National has made separate payments to AT&T of $25,000 on May 26, 2010, June 2, 2010, June 9, 2010, and June 16, 2010 (for a total of $100,000).  Ad National also made a payment to AT&T in the amount of $61,578.22.  In total, Ad National has paid AT&T $161,578.22 under the Promissory Note.

20.     Since June 25, 2010, however, Ad National has failed to make any of the other required payments to AT&T, in violation of the payment plan set forth in the Promissory Note.

US2008 1617702.6

21.     For example, Ad National has failed to make any of the following payments to AT&T under the Promissory Note, even though each such payment obligation accrued more than sixty days prior to the filing of this Verified Complaint:  (i) $47,000, due to AT&T on June 30, 2010; (ii) $55,780.54, due to AT&T on July 7, 2010; (iii) $47,000, due to AT&T on July 14, 2010; (iv) $36,380.14, due to AT&T on July 21, 2010; (v) $47,000, due to AT&T on July 28, 2010; and (vi) $25,000, due to AT&T on August 4, 2010.  These payments alone, exclusive of late charges and interest, equal $258,160.68.

22.     AT&T has provided notice to Ad National that it is in default of its payment obligations under the Promissory Note.  Ad National, however, has not cured its default.

23.     Accordingly, given that an event of default has occurred, AT&T is hereby exercising its discretion to accelerate and require immediate payment of all amounts due under the Promissory Note.

### III.    CLAIM FOR RELIEF

### Breach of Promissory Note

24.     AT&T incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 23 of this Verified Complaint.

- 7 -

25.     AT&T has fully and completely performed its obligations under the Promissory Note.  Any and all conditions precedent to Ad National's performance of its payment obligations under the Promissory Note have been satisfied.

26.     Ad National has failed to adhere to the payment plan set forth in the Promissory Note, has failed to make required payments for additional advertising, and is thereby in breach of the Promissory Note.

27.     As a result of Ad National's breach of the Promissory Note, and pursuant to the terms of the Promissory Note, all remaining payments under the Promissory Note are now immediately due and payable.

28.     As a result of Ad National's breach and default, Ad National is indebted to AT&T in the principal amount of One Million Five Hundred Forty-Seven Thousand Eight Hundred Fifty-Seven Dollars and Five Cents ($1,547,857.05) ($1,506,607.03 plus $202,828.24, less $161,578.22), plus prejudgment interest.

29.     As a result of Ad National's default, Ad National is also required to pay AT&T attorneys' fees, calculated as 15% of the outstanding principal and any interest due.

US2008 1617702.6

30.     Additionally, Ad National has acted in bad faith, has been stubbornly litigious, and/or has caused AT&T unnecessary trouble and expense, entitling AT&T to the payment of its fees and expenses under O.C.G.A. § 13-6-11.

## IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs AT&T Advertising, L.P., Ameritech Publishing, Inc., Nevada Bell Telephone Company, BellSouth Advertising & Publishing Corp., Southwestern Bell Advertising Group, Inc., and YellowPages.com, LLC pray for the following relief against Defendants Ad National Yellow Pages Placement Service, Inc. and Ad National Corporation:

(a)     For an award of all compensatory damages to AT&T, including all amounts due under the Promissory Note;

(b)     For an award of prejudgment interest;

(c)     For an award of AT&T's attorneys' fees and expenses of litigation; and

(d)     For such other and further relief as this Court deems just and proper.

US2008 1617702.6

Dated:  November 10, 2010

Respectfully submitted:

s/ Aaron J. Ross
James F. Bogan III
Georgia Bar No. 065220
Aaron J. Ross
Georgia Bar No. 461981
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
jbogan@kilpatrickstockton.com
aross@kilpatrickstockton.com

*Attorneys for Plaintiffs AT&T Advertising, L.P., Ameritech Publishing, Inc.,*
*Nevada Bell Telephone Company, BellSouth Advertising & Publishing Corp.,*
*Southwestern Bell Advertising Group, Inc., and YellowPages.com, LLC*

US2008 1617702.6

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct, to

the best of my knowledge, information, and belief.

This _2_ day of November, 2010.

Matthew Elli